CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
AUG 2 0 2010
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| DARLENE WIMBUSH, | ) | CASE NO. 4:10CV00036 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | By: B. Waugh Crigler |
| of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

Contained in plaintiff's Complaint is a motion for expedited proceedings to be held in the Big Stone Gap Division, not this, the Danville Division. The motion is premised on plaintiff's alleged need for benefits and upon the allegation that W.D. Va. Gen. Rule 4 allowing the Commissioner 120 days to answer the Complaint both violates her constitutional rights and is an abuse of power. Alternatively, the plaintiff moves the court to compel the Commissioner to provide "sworn affidavits" or other proof of the need to have an additional 60 days to answer.[1] The motion has been referred to the undersigned for disposition under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a).

The undersigned is informed that these issues informally, though unsuccessfully, have been raised in other cases by the lawyers representing the instant plaintiff in letters to the presiding judges in the Big Stone and Abingdon Division. The undersigned is not aware of any case formally raising these issues elsewhere in the District. For the reasons set forth below, the motion will be DENIED.

The undersigned first observes that, to the extent plaintiff makes the bald assertion

---

[1] Affidavits, by their nature, are submitted under oath. Thus, identification of an affidavit as "sworn" is redundant.

without any evidentiary support that there is a need for the benefits she claims to be due, the assertion assumes her entitlement to those benefits. No other facts are alleged, much less alleged under oath, that this case is so unusual and different from any other case seeking judicial review of the Commissioner's denial of Social Security disability benefits as to warrant a review process that does not follow the one outlined by the court's local rule.

Next, counsel asserts that Rule 4 grants the Commissioner "four times the amount of time which to file an answer . . . . ." That assertion patently is erroneous. The Commissioner, by right under Fed. R. Civ. P. 12(a)(2), is allowed 60 days from service to answer plaintiff's Complaint. An extension, whether by court rule, standing order or *ad hoc* determination, of an additional 60 days for the Commissioner to gather the record and file an answer, on its face, is not "four times" what the Commissioner otherwise is due. Moreover, as applied, it is neither an abuse of the court's power, nor an arbitrary rule nor an unconstitutional deprivation of a plaintiff's procedural due process rights.[2]

The undersigned further notes that the instant plaintiff resides within the territorial jurisdiction of the Danville Division. Thus, venue is proper here. The demand for a hearing in Big Stone Gap at best appears to be made solely for what her counsel perceives as their convenience. At worst this constitutes judge shopping. At best, it fails to take note of the fact that these cases are decided on the record, usually on motions for summary judgment. No plenary proceedings are held, and, if a party so requests, argument on the motions will be scheduled. However, it is a common judicial practice in this District to entertain argument by conference

---

[2]The undersigned interprets plaintiff's challenge to the court's power to be one addressing the inherent power of the court to adjust the time fixed by the Rules of Civil Procedure.

call. Thus, at best, the no one, whether lawyer or party, would be inconvenienced by attending.[3]

Since the undersigned has found W.D. Va. Gen Rule 4 neither an abuse of discretion nor unconstitutional, plaintiff's alternative motion to compel the Commissioner to submit evidence, whether under oath or not, justifying an extension has been rendered moot. Therefore, the motion will not be addressed. Nor will the undersigned be tempted to act on plaintiff's bare allegations of a need any more compelling that others similarly situated, especially since her allegations infer her entitlement to benefits. In no small measure, that would acknowledge the merits of her case even before the court has had an opportunity to subject it to a substantial evidence review.

For all these reasons the undersigned finds the motion lacks merit, and that it is nothing more than surplusage in the Complaint. An Order will enter denying the motion and striking it from the Complaint as surplusage.

The Clerk is directed to transmit a certified copy of this Memorandum Opinion to all counsel of record.

ENTERED: /s/ 
U.S. Magistrate Judge

Aug 20, 2010
Date

---

[3] If plaintiff's counsel did not wish this case litigated in the Danville Division, a referral could have been made to an attorney among the many qualified Social Security attorneys in this Division or in the neighboring Lynchburg Division who gladly would do so.

3