CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
MAR 10 2011
JULIA C. DUDLEY, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| DARLENE WIMBUSH, | CASE NO. 4:10CV00036 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | By: B. Waugh Crigler<br>U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's June 13, 2007 applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this action from the docket of the court.

In a decision issued on September 2, 2009, an Administrative Law Judge ("Law Judge") found that plaintiff's date last insured was September 30, 2012, and that she he had not engaged in substantial gainful activity since May 19, 2007, her alleged disability onset date. (R. 11.) The Law Judge determined plaintiff suffered the following medically determinable impairments, at

least in combination: transient ischemic attack with complaints of right-sided weakness, obesity, diabetes mellitus and hypertension. (*Id.*) The Law Judged concluded that plaintiff did not suffer an impairment or combination of impairments that met or equaled a listed impairment. (*Id.*) He found that plaintiff had the residual functional capacity ("RFC") to perform light work that involves no climbing ladders, ropes or scaffolds, no crouching, crawling or kneeling, and only occasional stooping, balancing, climbing stairs, but frequent climbing of ropes. (R. 12.) The Law Judge further concluded that, although plaintiff's medically determinable impairments could reasonably be expected to produce some symptoms and limitations of the general type alleged, her statements as they relate to intensity, persistence and limiting effects of these symptoms were "not credible" to the extent they were inconsistent with the RFC finding. (R. 13.) The Law Judge believed that plaintiff's RFC did not preclude her from performing her past relevant work as a fast food worker and a sample puller. (R. 17.) Thus, the Law Judge determined plaintiff was not disabled under the Act. (*Id.*)

Plaintiff appealed the Law Judge's September 2, 2009 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary

support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of her motion for summary judgment, plaintiff argues that the Law Judge's RFC finding is not supported by substantial evidence because the Law Judge failed to consider the impact of using her cane on her ability to work.[1] (Pl's Brief, pp. 6-7.) Moreover, plaintiff contends that if the Law Judge had given proper consideration to her cane use, then she would have been limited to sedentary work, which would have rendered her disabled under the Medical-Vocational Guidelines ("grids") Rule 201.12[2]. (Pl's Brief, pp. 7-8.)

Social Security Rule ("SSR") 96-9p requires consideration of the impact of medically-required hand-held assistive devices. 1996 WL 374185, * 7. However, in order to establish that a hand-held device is medically required, there must be medical evidence establishing both the need for the device to aid in walking or standing and the circumstances under which the device is required. *Id.*

The record reveals that plaintiff suffered a left subcortical ischemic stroke in May 2007 which caused right-sided weakness. (R. 225, 277-278.) Plaintiff's primary treating source, Minesh Shah, M.D. prescribed a cane on August 24, 2007. (R. 258, 264, 270.) After prescribing the cane, Dr. Shah repeatedly found that, while the muscles over plaintiff's right leg were a little bit slower than the left leg, her gait was normal. (R. 272, 298, 300, 304, 306.)

---

[1] "Residual functional capacity" is defined as that which an individual is still able to do despite the limitations caused by her impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a).
[2] Grid Rule 201.12 provides that a person is disabled if she limited to sedentary work, is closely approaching advanced age, is a high school graduate, and her past work experience is unskilled. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2.

3

On December 4, 2007, Victor Owusu-Yaw, M.D. performed a neurologic evaluation on plaintiff. (R. 277-279.) The physician found that, although plaintiff had been using a cane, was slow ambulating and had some antalgia to her gait, she could stand and ambulate without the cane. (R. 277-278.) The physician noted that plaintiff refused any attempt to walk on her heel or toes or to perform tandem walking. (R. 278.) He also noted that when plaintiff was instructed to lift her right leg she voiced an inability to do so. (*Id.*) However, he found that subconsciously she was able to raise it with at least a strength of 4/5. (*Id.*) The physician found that plaintiff's lower right lower extremity muscles were "at least" 4/5. (R. 279.) Dr. Owusu-Yaw concluded that plaintiff had right-sided weakness, but that "clearly she can function more than what she reports." (R. 278.)

Nina Solenski, a physician at the University of Virginia Health System's Stroke Clinic, also evaluated plaintiff. Upon examination, the physician found that plaintiff exhibited a slow, cautious gait. (R. 319.) Dr. Solenski believed physical therapy would aid in confidence in her ambulatory skills. (R. 320.) She also revealed that plaintiff should function better than her self-perception of her abilities. (*Id.*)

In sum, the evidence is insufficient to support a finding that plaintiff's cane was medically necessary. Thus, the Law Judge's decision not to consider the impact of her cane on her ability to work has substantial evidentiary support. For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

March 10, 2011
Date