IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| DARLENE WIMBUSH, | ) | Case No. 4:10CV00036 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE | ) | |
| Commissioner of Social Security, | ) | By: Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

I. Facts

After two days of confusion, right-side weakness and poorly controlled blood pressure, Plaintiff was diagnosed as having suffered a stroke, apparently mild, on May 19, 2007. R. 183–208. Also diagnosed were hypertension, diabetes mellitus type 2, fever of questionable etiology, and hyperlipidemia. R. 185–87, 309. She was discharged within four days of her diagnosis, her complaints of right-side weakness had improved, and her motor power was 5/6. R. 185–89. Plaintiff underwent some follow up treatment later that year, complaining of continued right side weakness and issues with hypertension, obesity, diabetes and trouble ambulating. R. 225–247. Plaintiff's primary treating source, Minesh Shah, M.D. prescribed a cane on August 24, 2007. R. 258, 264, 270.

II. Procedural History

Plaintiff initiated the administrative process on June 13, 2007 when she filed applications for a period of disability, Disability Insurance Benefits and Supplemental Security Income with the Social Security Administration ("SSA") under the Social Security Act ("Act"), as amended 42 U.S.C. §§ 416, 423 and 1381 et seq. R. 99–108. The SSA denied those claims initially and

on reconsideration. R. 52–63. Plaintiff then presented her claims to an Administrative Law Judge ("ALJ") at a July 14, 2009 hearing in Danville, VA. R. 20. In his written decision issued on September 2, 2009, the ALJ concluded that Plaintiff did not suffer an impairment or combination of impairments that met or equaled a listed impairment. R. 11. The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform light work including her past relevant work. R. 12. Ultimately, the ALJ concluded that Plaintiff was not disabled under the Act. R. 17. The SSA's Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review and adopted the ALJ's decision as the final decision of the Commissioner. R. 1.

Due to the Commissioner's unfavorable decision, Plaintiff initiated the current action on August 18, 2010, proceeding in forma pauperis. (ECF Nos. 1, 2, 3.) The parties filed their respective Motions for Summary Judgment (ECF Nos. 16, 18) and supporting briefs (ECF Nos. 17, 19), which Magistrate Judge B. Waugh Crigler considered before issuing his Report and Recommendation ("R&R") on March 10, 2011. (ECF No. 20.) Judge Crigler recommended that I enter an order granting the Commissioner's Motion for Summary Judgment, affirming the Commissioner's final decision and dismissing the case from the Court's docket. R&R 4. Plaintiff timely objected (ECF No. 21) to the R&R and the Commissioner responded to Plaintiff's objection (ECF No. 22). This matter is now ripe for review.

### III. Standard of Review

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. *See* 42 U.S.C. § 405(g); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir.

1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545; *see Shively v. Heckler*, 739 F.2d 987, 990 (4th Cir. 1984) (noting that role of the ALJ, not the VE, is to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927. Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. *See id.* §§ 404.1527(e), 416.927(e); *see also Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. *Laws*, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary.[1]" *Mastro*, 270 F.3d at 176 (quoting *Craig*, 76 F.3d at 589).

## IV. Analysis

In her brief supporting her Motion for Summary Judgment, Plaintiff argued that the ALJ's RFC determination was in error. Pl.'s Br. Sum. J., 6. Specifically, Plaintiff disputed the ALJ's determination that Plaintiff could perform light work that involved light lifting and

---

[1] Or the secretary's designate, the ALJ. *See Craig*, 76 F.3d at 589 (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987).

3

extended periods of standing. *Id.* Plaintiff argued that the RFC finding was not supported by substantial evidence because "the ALJ [] failed to properly consider the effect Plaintiff's use a [sic] medically prescribed cane would have on her ability to work." *Id.* If the ALJ had properly considered her use of a cane, Plaintiff reasoned, "then she would have been limited to sedentary work, which would have rendered her disabled under the Medical-Vocational Guidelines Rule 201.12." R&R, 3 (citing Pl.'s Br. Sum. J., 7–8; 20 C.F.R. Pt. 404, Subpt. P, App. 2).

Social Security Ruling ("SSR") 96-9P specifically addresses "[m]edically required held-held assistive device[s]" as they relate to a claimant's residual functional capacity. SSR 96-9P, 1996 WL 374715 at *7. SSR 96-9P requires consideration of the impact of "medically required" hand-held devices and provides the following guidance:

> To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case. For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded.

*Id.* Thus, even if a cane is prescribed, it does not necessarily follow that it is medically required. R&R 3, SSR 96-9P, 1996 WL 374715 at *7, *Eason v. Astrue*, 2008 WL 4108084, at *16 (E.D.N.C. 2008).

Dr. Shah prescribed Plaintiff's cane at a follow-up exam for her stroke on August 24, 2007. R. 258. At a May 17, 2007 follow-up exam, Dr. Shah noted Plaintiff's "uncontrolled hypertension," that Plaintiff was "moderately obese" and that Plaintiff needed to get back on diabetes medications. R. 262. There are no notes relating to Plaintiff's gait or need for a cane from the May 17 exam. At a May 25, 2007 follow-up exam, Dr. Shah observed that Plaintiff's

4

"[r]ight handgrip is weak. Muscle strength is 4/5 over right upper extremity. Otherwise, her extremities are normal on left upper and bilateral lower extremities. Gait is normal." R. 260. In his notes from a July 30, 2007 follow-up exam, Dr. Shah wrote, "her right lower extremity weakness is improving. . . . Muscle strength in right upper extremity is 3/5 to 4/5. Handgrip is a little bit weak on her right hand. Gait is normal. Muscle strength over lower extremities is 5/5." R. 259. At an August 24 follow-up exam, Dr. Shah noted, "[s]light weakness over the right hand. Her gait is a little bit wide. . . . Prescription given for a cane." R. 258. At a neurological evaluation on December 4, 2007, Dr. Victor Owusu-Yaw observed the following:

> [Plaintiff] was able to stand and ambulate. She was slow ambulating and had some antalgia to her gait. She was able to ambulate without a cane. She is using a quad cane for stability. When followed after she left the office, she opened her car door with the right hand, entered the car, and shut the door by herself, something that she would not do when she was instructed to. She did not attempt to walk on her heel or toes or to perform tandem walking, saying that she cannot do it. Motor strength was at least 4/5 on the right side. When the patient was instructed to raise the arm she would remark that she could not do it, and she did the same thing with the leg, but subconsciously she was at least able to raise it with a strength of 4/5. . . . She has right-sided weakness, but clearly she can function more than what she reports.

R. 277–78. After examining Plaintiff on April 10, 2008, Dr. Solenski of the University of Virginia stroke clinic similarly observed that "[Plaintiff's] exam indicates that she should be functionally better than at least to her self-perception." R. 311. Finally, at an evaluation at the Cardiology Clinic in Danville, VA on December 14, 2009, Dr. Ajit Chauhan observed that Plaintiff's "gait is normal." R. 330.

Considering the foregoing evidence and the standard imposed under SSR 96-9P, Magistrate Judge Crigler concluded that "[i]n sum, the evidence is insufficient to support a finding that Plaintiff's cane was medically necessary." R&R 4. Consequently, "the Law Judge's decision not to consider the impact of her cane on her ability to work has substantial evidentiary

5

support." *Id.* I agree. There is substantial evidence in the record that Plaintiff's gait and use of a cane would not preclude her from the type of activity the ALJ discussed in his RFC finding.

V. Conclusion

Because I find that the Commissioner's factual findings are supported by substantial evidence using the proper legal standard, I hereby **ADOPT** the R&R in its entirety. The Commissioner's Motion for Summary Judgment is **GRANTED**, the Commissioner's final decision is **AFFIRMED**, and the clerk is directed to **DISMISS** this case from the court's docket.

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to counsel as well as to Magistrate Judge Crigler.

Entered this 6th day of May, 2011.

s/Jackson L. Kiser
Senior United States District Judge